USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN NUNEZ,

          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

1:22-cv-9100-MKV

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
REMANDING CASE

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Christian Nunez ("Plaintiff") commenced this action against Defendant Commissioner ("the Commissioner") of the Social Security Administration ("the Administration") pursuant to the Social Security Act, 42 U.S.C. Section 405(g) ("the Act"), seeking review of the 2022 decision of an Administrative Law Judge ("ALJ") that Plaintiff is not disabled and, therefore, not entitled to Supplemental Security Income ("SSI"). Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c), seeking remand of the denial by the ALJ of his application for SSI. The Commissioner cross-moves for judgment on the pleadings, asking the Court to affirm the 2022 ALJ decision.

      On January 8, 2024, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation that Plaintiff's motion be granted, and the Commissioner's motion be denied. For a detailed recitation of factual background and the subsequent Administration proceedings, the Court refers to Magistrate Judge Aaron's Report and Recommendation [ECF No. 29.], which thoroughly and accurately summarizes the background and procedural history in this case. For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety and the Plaintiff's motion is GRANTED. This action is remanded for further administrative proceedings consistent with the Report and Recommendation.

1

**LEGAL STANDARD**

When reviewing a Report and Recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). No objections were filed in this case.

As such, the Court "review[s] the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). To do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97-CV-3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

**DISCUSSION**

### I. Magistrate Judge Aaron Applied the Appropriate Standard of Review to the ALJ Decision.

As Magistrate Judge Aaron properly explained, a district court may affirm, modify, or reverse (with or without remand) a final decision of the Commissioner. 42 U.S.C. § 405(g); *Skrodzki v. Commissioner of Social Security Administration*, 693 F. App'x 29, 29 (2d Cir. 2017). The relevant two-part inquiry looks first at "whether the correct legal standards were applied." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Then, the Court next "examines the record to determine if the Commissioner's conclusions are supported by substantial evidence." *Id*. Courts review *de novo* whether the correct legal principles were applied and whether the legal

2

conclusions made by the ALJ were based on those principles.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

Even if the Commissioner's decision is supported by substantial evidence, however, legal error alone can be enough to overturn the ALJ's decision.  *Id*.  In fact, a court must set aside legally erroneous agency action unless "application of the correct legal principles to the record could lead *only* to the same conclusion," rendering the errors harmless.  *Zabala v. Astrue*, 595 F. 3d 402, 409 (2d Cir. 2010) (emphasis added).  This is the standard Magistrate Judge Aaron applied to the cross-motions of the parties, and this Court finds no error in the standard of review that was applied in the Report.

## II. The ALJ Failed to Adequately Analyze Dr. Nunez's Medical Opinion for Supportability and Consistency.

Plaintiff raises two grounds in support of remand: (1) that the ALJ erred in his evaluation of the opinions of Dr. Nunez (treating doctor), Dr. Popple (independent psychological consultant), and Dr. Hussain (FedCap physician), and (2) that the ALJ "rendered a [residual functional capacity ("RFC")] finding not supported by medical opinions."  [ECF No. 14, at 15-25].  Because Magistrate Judge Aaron recommended that this action be remanded to the ALJ to further consider the medical opinion evidence of Dr. Nunez, the Court need not address Plaintiff's second argument.  The Court, instead, reviews Magistrate Judge Aaron's recommendation with respect to Dr. Nunez's medical opinion.

A person is considered disabled for benefits purposes when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In determining whether an individual is disabled, the Commissioner *must*

consider: "(1) the objective medical facts; (2) *diagnoses or medical opinions* based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam) (citations omitted) (emphasis added).

The Report correctly notes that under the regulations applicable to Plaintiff's claim, the ALJ considers five factors in evaluating the persuasiveness of medical opinions: (1) supportability; (2) consistency; (3) relationship of the source with the claimant, including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship and whether the relationship is an examining relationship; (4) the medical source's specialization; and (5) other factors, including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

While the ALJ "may, but [is] not required to, explain how [he] considered" the factors of relationship with the claimant, the medical source's specialization, and other factors, the ALJ "***will*** explain how [he] considered the *supportability* and *consistency* factors for a medical source's medical opinions or prior administrative medical findings . . . ." Id. §§ 404.1520c(b)(2), 416.920c(b)(2) (emphasis added). In other words, an ALJ commits procedural error by failing to explain how he considered the supportability and consistency of medical opinions in the record. *See Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022).

Here, the ALJ found that Dr. Nunez's opinion was not persuasive because the overall evidence in the record, including Dr. Nunez's own treatment notes, did not support the opined limitations of Plaintiff's disability and that his opinion was inconsistent with record evidence

4

after February 2017 showing a relatively stable condition, including the treatment notes of other doctors in Dr. Nunez's office.  [R. 1008].

Magistrate Judge Aaron, however, agreed with Plaintiff that the ALJ's assessment of the supportability of Dr. Nunez's opinion did not properly consider Plaintiff's statement that his opinion was supported by past history and symptoms and instead focused on only a portion of the period at issue.  As to consistency, Magistrate Judge Aaron further agreed that the ALJ did not address the consistency of Dr. Nunez's opinion with medical evidence from earlier in the relevant period.  Accordingly, the Report found that the ALJ committed procedural error by failing to adequately explain how he considered both the supportability and consistency of Dr. Nunez's medical opinion in the record. *See Loucks*, 2022 WL 2189293, at *2.

The Report went on to find that the ALJ's failure to address supportability and consistency with respect to the entire period at issue was not harmless since a finding of greater limitations in Plaintiff's disability as opined by Dr. Nunez, even if only for a limited closed period, could result in a determination that Plaintiff was unable to work.  *See Leto v. Comm'r of Soc. Sec.*, No. 22-CV-00863 (SDA), 2023 WL 2344936, at *16 (S.D.N.Y. Mar. 3, 2023) (procedural error not harmless where finding of greater limitations could result in determination that plaintiff was unable to work); *see also Sawicki v. Comm'r of Soc. Sec.*, No. 21-CV-02093 (LJL), 2023 WL 5164212, at *11 (S.D.N.Y. Aug. 11, 2023).

The Court agrees with the Report that the ALJ failed to adequately address the supportability and consistency of Dr. Nunez's medical opinion with respect to the entire period at issue and that such failure may not be harmless error.  As such, the Court adopts that portion of the Report recommending that this action be remanded for further proceedings.

**CONCLUSION**

Reviewing Magistrate Judge Aaron's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none. Accordingly, the Court ADOPTS the Report and Recommendation in full. Plaintiff's motion to remand the 2022 ALJ decision is GRANTED, and the Commissioner's motion for judgment on the pleadings affirming the ALJ decision is DENIED. This action is remanded for further administrative proceedings consistent with the Report and Recommendation.

The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

**Date: January 24, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**